IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45492

| | |
|---|---|
| In the Interest of: JOHN DOE, A Child Under Eighteen (18) Years of Age. | ) |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) 2018 Unpublished Opinion No. 340 |
| | ) |
| | ) Filed: January 26, 2018 |
| Petitioner-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JANE DOE (2017-37), | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Ralph L. Savage, Magistrate.

Judgment terminating parental rights, affirmed.

Rocky L. Wixom, Bonneville County Public Defender, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark V. Withers, Deputy Attorney General, Idaho Falls, for respondent.

---

GRATTON, Chief Judge

Jane Doe appeals from the judgment terminating her parental rights to her minor child. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the biological mother of John Doe ("child"). Child was born in 2013 to Doe and an unidentified father. Beginning in 2009, the Idaho Department of Health and Welfare ("Department") received eight referrals regarding Doe as a parent, including concerns regarding neglect, failing to properly feed and care for her children, physical abuse, substance abuse, drug dealing, domestic violence, Doe being suicidal, and Doe's mental health. In 2016, law enforcement declared that child was in imminent danger, removed him from Doe's home due to

1

its unsafe and hazardous condition (e.g., the presence of drug paraphernalia, little to no food, and access to a machete), and placed him in shelter care.

Thereafter, the magistrate held a shelter care hearing and found jurisdiction to keep child in shelter care. In September 2016, the magistrate held an adjudicatory hearing and vested custody of child in the Department due to Doe's neglect. Doe failed to attend that hearing. In October 2016, the magistrate held a case plan hearing and approved the plan filed by the Department. Doe stipulated to the tasks in the case plan, which included completing a drug and alcohol assessment, completing a substance abuse program, applying for a specialty court, submitting to urinalysis testing, regularly taking mental health medications, having safe and stable housing, seeking employment to meet her needs and child's needs, and participating in visitation with child.

In 2017 the magistrate held a review hearing, a status conference, and a permanency hearing. Doe failed to attend the permanency hearing. Nevertheless, the magistrate approved the termination of Doe's parental rights as the permanency plan. In August 2017, a verified petition to terminate Doe's parental rights to child was filed along with the Department's termination report. A hearing on the petition was held in September 2017, but Doe failed to attend. The case manager testified that Doe had entirely failed to comply with the case plan, had been absent for at least four months prior to the trial, had failed to stay in contact with the Department and child's guardian ad litem, and that termination of Doe's rights was in the best interest of child. In October 2017, the magistrate issued a decree and judgment terminating Doe's parental rights to child, finding it to be in the best interest of child because Doe had abandoned child, neglected child, and was unable to discharge her parental responsibilities. Doe timely appeals.

## II.

## ANALYSIS

### A. Statutory Grounds for Termination

As a preliminary matter, we note that Doe did not attend the termination hearing and, in fact, had been absent and out-of-contact for some months prior to that time. She presented no testimony, examination, or argument at the termination hearing. The entirety of Doe's argument on appeal, as contained in the appellant's brief, reads:

Respondent Mother argues that insufficient evidence exists as to any findings that there were grounds to terminate her parental rights, and the Magistrate abused his discretion in so doing. Likewise, it is not the child's best interest to terminate mother's rights and the Magistrate abused his discretion in entering the termination order. Counsel for Respondent acknowledges that the record reveals Mother did not attend the termination hearing or other hearings in the child protection case, however Mother has instructed that this appeal be filed and she requests that the Court review the record for error.

Doe's lack of participation at the termination hearing does not excuse compliance, on appeal, with Idaho Appellate Rule 35(a)(6), which states that the appellant's brief must "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." Here, Doe's brief lacks any actual contentions with respect to the issues raised on appeal. Rather, Doe makes bare and conclusory statements alleging that the magistrate abused its discretion and that there was insufficient evidence to support the termination of Doe's parental rights. Doe fails to cite to either the transcript or the record but instead asks this Court to review the record for potential errors on Doe's behalf. This Court will not search the record on appeal for error. *Idaho Dept. of Health and Welfare v. Doe*, 150 Idaho 103, 113, 244 P.3d 247, 257 (Ct. App. 2010). Nevertheless, due to the constitutionally protected and fundamental parental rights, and the interest of child, we will address the substantive issues regarding termination of Doe's parental rights.

Doe argues that this Court should reverse the magistrate's decree and judgment terminating Doe's parental rights because insufficient evidence exists to support the magistrate's findings that there were grounds to terminate her parental rights. The Department argues that substantial and competent evidence supports the magistrate's findings regarding the grounds for termination. We agree with the Department.

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a

3

parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

The magistrate terminated Doe's parental rights on the bases of neglect, abandonment, and Doe's inability to discharge parental responsibilities. First, substantial and competent evidence supports the magistrate's determination that Doe abandoned child. The case manager, who had been working with Doe and child since the beginning of this case, testified that Doe had

been absent for most of the year before the hearing and that the case manager had not heard from, seen, or communicated with Doe for at least four months before the termination hearing. Additionally, Doe did not attend the termination hearing nor did she maintain contact with the guardian ad litem. This testimony was unrebutted. Accordingly, this evidence is adequate to support the conclusion that Doe had abandoned child.

Second, substantial and competent evidence supports the magistrate's determination that Doe neglected child. Based on the case manager's testimony, the magistrate concluded that Doe neglected child by failing to comply with the case plan and court orders. Termination of parental rights is proper where the parent fails to meet the primary requirements or goals of the case plan. *Idaho Dep't. of Health & Welfare v. Doe*, 151 Idaho 498, 502, 260 P.3d 1169, 1173 (2011). Doe had stipulated to the tasks in the case plan, which included: completing a drug and alcohol assessment, completing a substance abuse program, applying for a specialty court, submitting to urinalysis testing, regularly taking mental health medications, having safe and stable housing, seeking employment to meet her needs and the needs of her children, and participating in visitation with the children. The case manager testified that Doe had completely failed to comply with the case plan:

> [Doe] has not shown up for or completed her substance abuse treatment. She has been . . . absent for the last four months. So . . . I have not heard from her, not seen her, not had communication from her.
> I don't know where she's currently living. Last I heard, she was living in a trailer or tent at Tourist Park. She was kicked out of Idaho housing last year and was banned from it, for her, I believe, six years.
> So at this point, she is relying on others to meet her needs. She has a boyfriend. And she--she has refused to get a job because she's still trying to get on SSI last I heard, that I had communicated with her.
> At this point, I haven't seen her be able to maintain her sobriety from all illegal substances. She has a history of meth and marijuana use that's pretty significant that have impacted her relationships with her children.

Moreover, throughout the case Doe failed to submit to urinalysis testing, take her mental health medications, attend visitation on a regular basis with child, complete parenting instruction, follow drug and alcohol assessment recommendations, or obtain a stable and safe place to live. Accordingly, this evidence is adequate to support the conclusion that Doe had neglected child.

Third, substantial and competent evidence supports the magistrate's determination that Doe is unable to discharge parental responsibilities to child. The court may consider various circumstances in finding termination appropriate. *See Idaho Dep't. of Health & Welfare v. Doe*,

5

160 Idaho 824, 832, 379 P.3d 1094, 1102 (2016) (holding that repeated commission of crimes, instability in housing, probation violations, failure to obtain employment, failure to refrain from inappropriate associations, failure to comply with any of the case plan tasks, repeated failure to follow through with drug treatment, and repeated incarceration constitute substantial and competent evidence of a parent's inability to discharge parental responsibilities). Doe has demonstrated an inability to discharge basic parental responsibilities by failing to secure stable housing, complete substance abuse treatment, maintain sobriety, or seek employment. Moreover, she was charged with criminal conspiracy and animal cruelty while this child protection case was pending. Accordingly, this evidence is adequate to support the conclusion that Doe is unable to discharge her parental responsibilities.

Ultimately, clear and convincing evidence supports the trial court's findings of fact and conclusions of law regarding the statutory grounds for termination of Doe's parental rights.

**B.      The Child's Best Interest**

Doe argues that it is not in child's best interest to terminate her parental rights. The Department argues that substantial and competent evidence supports the magistrate's finding that termination of Doe's parental rights is in the best interest of child. We agree with the Department.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interest of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interest, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interest of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

For several reasons it is in child's best interest to terminate Doe's parental rights. Doe has a history of substance abuse problems and failed to complete treatment as required by the case plan. Doe's housing is unstable and uncertain, and she failed to attend multiple hearings in

this case. The case manager testified about the stability and bond that child had developed with the foster family, and about the importance of keeping child together with an older sibling who was also placed with the same foster family. The case manager also testified about the need for a parent to be present in child's life, and about child's need for the permanency of a home.

Importantly, Doe has made little effort to improve her situation. Doe entirely failed to follow the case plan that she had stipulated to. She remained unemployed and was not seeking employment but was instead relying on a boyfriend and others to support her. Additionally, Doe had been absent from child's life for almost an entire year, missing visits, and had not been in contact with the Department for at least four months prior to the termination. For these reasons, termination of Doe's parental rights is in the best interest of child.

### III.
### CONCLUSION

Clear and convincing evidence supports the trial court's findings that Doe abandoned and neglected child, and is unable to discharge her parental responsibilities. Additionally, it is in the best interest of child to terminate Doe's parental rights. Therefore, we affirm the judgment terminating Doe's parental rights.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.

7